ELISEO COMBAS GUERRA-MONDRAGÓN, Plaintiff and Appellee, *v.* PEDRO G. GONZÁLEZ, Defendant and Appellant.

No. 5767.   Argued July 13, 1931.—Decided July 21, 1931.

*E. García Capella* for appellant. *Molina, Dubón & Ochoteco* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

In this case a dismissal of the appeal is sought for failure to file in this Supreme Court a transcript of the record within the time prescribed by law.

It appears from the motion and the certificates filed some days afterward that, subsequent to the taking of the appeal on March 25 last, successive extensions were requested by the appellant to enable the stenographer to prepare the transcript until the end of June, when the last 30-day extension, granted on May 29, had expired. On July 1 the appellant applied for a further extension which was, as it must be, denied by the district court. It is further stated in the certificate, which was issued by the clerk of the court, that up to July 3 no statement of the case or transcript of the evidence whatever had been presented to the court. Also, that the appellant had failed to deposit funds to pay the stenographer's fees.

At this stage, there was filed on July 3 the motion to dismiss herein. Having being served with notice thereof, the adverse party set up that the dismissal did not lie because under the law he has thirty days, counted from July 3, for filing the record.

The appellant is wrong. The period of thirty days which the law prescribes is computed from the approval of the statement of the case or of the transcript of the evidence. Naturally, said period does not begin to run while those documents are lawfully pending settlement by the trial court;

but where, as here, action has been taken by the court, not by an approval, but by disclaiming any power to proceed— which is what the ruling of the court of July 3 implies— it is as if no such documents were pending, because nothing valid really exists, and in such case, in order to compute the 30–day period, recourse must be had to the other fixed date available, namely, that of the filing of the appeal. Said period being thus reckoned, it must be admitted that the same expired at the end of April, 1931, and the contention of the appellee must therefore be upheld. It should be observed that not only has there been a failure to file in this Court the documents in question but similarly as to the judgment roll, which in certain cases, as for instance in the case of a judgment on the pleadings, permits the prosecution of an appeal based solely thereon.

The appeal must be dismissed.